IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-60-BO

| | |
|---|---|
| TARALYNN HAGENBROCK JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security,*[1] ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 20, 23]. A hearing was held on these matters before the undersigned on March 3, 2020, at Raleigh, North Carolina. For the reasons discussed below, the plaintiff's motion for judgment on the pleadings is GRANTED and defendant's motion is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for period of disability and disability insurance benefits as well as supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed applications for benefits on March 12, 2014, and alleged a disability onset date of March 15, 2011. After initial denials, plaintiff proceeded to a video hearing before an Administrative Law Judge (ALJ), which occurred on July 5, 2017. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

The ALJ found that plaintiff had severe impairments, specifically multiple sclerosis and diabetes mellitus, that did not meet or medically equal the severity of one of the listed impairments. The ALJ found that plaintiff could perform light work with exertional and nonexertional limitations and that plaintiff could perform her past relevant work as a customer service representative and a receptionist. The ALJ failed to consider, however, the evidence in the record which supports plaintiff's claims of low back pain with lumbar radiculopathy. The records from Herndon Family Medicine repeatedly identify L5 lumbar radiculopathy and complaints of leg weakness. *See, e.g.,* Tr. 357; 629-630; 635; 647; 691-92; 759. Records from an orthopaedic practice confirm plaintiff's complains of back pain which radiates into her hips and spina bifida occulta at L5 with facet degenerative changes. Tr. 531. Significant degenerative changes were noted at L5-S1. Tr. 586. In January 2014, plaintiff continued to report musculoskeletal weakness. Tr. 440. Plaintiff testified at the hearing that she experiences frequent low back pain. Tr. 49.

3

The ALJ's treatment of the record evidence concerning spina bifida occulta is limited to a finding that the impairment was not severe because treatment notes did not reflect reports of symptoms or limitations. However, the ALJ failed to discuss the presence of L5 radiculopathy or account for any symptoms arising therefrom, including reports of weakness and difficulty sitting and standing. Recognizing that there are reports of normal motor and sensory examinations, in light of plaintiffs' myriad conditions and symptoms, including relapsing remitting multiple sclerosis, remand to allow for a more specific examination of the record concerning plaintiff's back pain and radiculopathy is appropriate.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion [DE 23] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __11__ day of March, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4